## NEW YORK SUPERIOR COURT.

### John A. Panton agt. John F. Zebley.

Under an order for the delivery of property to a receiver, the party ordered to make the same is not bound to deliver the property to any person but the receiver *personally*.

Where an order is made directing the delivery of property to a receiver, an attachment for contempt will not issue, because the defendant refuses a demand made by the plaintiff, his attorney, or the referee appointed to see that the delivery is made.

A demand, in such case, must be made by the receiver *personally;* and, *it seems,* the attorney for the plaintiff cannot act for the receiver as his attorney.

*New York Special Term, July,* 1860.

An order was entered, June 14, 1860, directing the defendant to deliver certain notes held by him, as trustee, to a receiver appointed previously in the action, and it was referred to a referee to summon the parties before him and direct the delivery to be made. The parties being summoned appeared before the referee, the receiver being absent, when the defendant was directed by the referee to deliver over the notes to the plaintiff's attorney, or to himself, which the defendant refused to do. On the certificate of the referee, that the defendant had disobeyed the order of the court, an attachment was granted against him, on the return of which the foregoing facts appeared.

F. N. Bangs, *for plaintiff.*

Andrews, Colby & Thompson, *and* J. W. Edmonds, *for defendant.*

Woodruff, Justice. An examination of the papers satisfies me that the defendant cannot be punished under the present attachment, except for a violation of the order of June 14th, 1860 ; and as to that I am constrained to say that the defendant was not bound by the order, and could not be required by the referee to deliver the note of George

A. Leavitt & Co. to the plaintiff, nor his attorney, nor to the referee; and as the receiver was not present, and has not, since the order was made, demanded the note, the defendant has not, in strictness, refused to comply with the order, and cannot therefore be punished for the alleged contempt in disobeying it. The plaintiff will be put to the necessity of a further demand on the defendant, or a further reference for the proper execution of the order.

But as the conduct of the defendant, as appears upon the papers submitted, is in gross disregard of the rights of the plaintiff, in substantial disregard of the orders of the court, and evinces a determined purpose to evade its orders, and hinder and embarrass the plaintiff in the prosecution of his claims, I cannot order the payment to him of any costs.

Attachment discharged, without costs.